CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 0 9 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RHONDA L. GRAHAM,  Plaintiff, | ) ) ) | Civil Action No. 7:06cv00475 |
| v. | ) ) ) | |
| LINDA S. MCMAHON, COMMISSIONER OF SOCIAL SECURITY  Defendant. | ) ) ) ) | By: Hon. Michael F. Urbanski  United States Magistrate Judge |

## MEMORANDUM OPINION

Plaintiff Rhoda L. Graham ("Graham") brought this action for review of the Commissioner of Social Security's decision denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 1381-1383, ("Act"). The parties have consented to the undersigned's jurisdiction, and the case is before the court on cross motions for summary judgment. Having reviewed the record, and after briefing and oral argument, the case is now ripe for decision. The court finds that this case must be referred for further administrative consideration in light of new evidence consisting of evidence of subsequent psychological testing and the determination of disability in a subsequent disability application, with an alleged disability onset date less than one year after the Commissioner's first decision denying benefits.

### I.

Graham was born on April 26, 1965, and she completed the twefth grade. (Administrative Record [hereinafter R.] at 120, 137, 150) Graham's previous work includes that of a desk clerk, grocery store manager, laborer, gas station manager, and cashier. (R. 145, 153)

Graham filed her applications for DIB and SSI on April 22, 2003, alleging that she became disabled on April 16, 2003, due to degenerative joint and disc disease, neuropathy of the upper left extremity, depression, and anxiety. (R. 64, 137, 144, 66-68) Graham's claim was denied initially and at reconsideration, and she requested a hearing. (R. 66-67, 75-87, 501-02) Graham then withdrew her request for a hearing, and by order dated April 23, 2004 the Administrative Law Judge ("ALJ") dismissed the request for hearing. (R. 72) On June 16, 2004, Graham filed a subsequent request for an administrative hearing. (R. 92) In July 2004, Graham filed a second application for DIB and SSI, again, with an alleged onset date of April 16, 2003. (R. 119, 501-507) This application was also denied at the initial and reconsideration levels of administrative review. (R. 110-12, 508-16) In the interim, Graham's application for a hearing was granted, and her 2003 and 2004 claims were consolidated. (R. 95-97)

An administrative hearing was held on April 19, 2005, (R. 7-43), and by written opinion issued June 21, 2005, the ALJ denied Graham's claim for benefits, finding that although she suffers from severe impairments, she retains the residual functional capacity ("RFC") to do a range of light work.[1] (R. 55-65) The ALJ found exertional impairments of an inability to do overhead reaching and that Graham can only do work which requires limited exposure to heights, hazards, heat, humidity, gases, and fumes. (R. 61) Additionally, the ALJ noted that

---

[1] Light work requires exerting up to 20 pounds of force occasionally, and/or up to 10 pounds of force frequently, and/or a negligible amount of force constantly to move objects. Physical demand requirements are in excess of those for Sedentary Work. Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.
http://www.oalj.dol.gov/PUBLIC/DOT/REFERENCES/DOTAPPC.HTM.

Graham has non-exertional limitations of reduced concentration and poor social skills and, thus, is further limited to jobs which only require simple, easy to learn tasks and do not require more than limited contact with the public. (R. 61) The ALJ's decision became final for the purposes of judicial review under 42 U.S.C. § 405(g) on July 7, 2006, when the Appeals Council denied Graham's request for review. (R. 44-46) Graham then filed this action challenging the Commissioner's decision.

During oral arguments, Graham argued that this case should be remanded on the basis of new evidence, including evidence that she has been awarded disability benefits in a subsequent application. Graham noted that while the instant application for benefits was under review, Graham filed a subsequent application for DIB and SSI benefits on the same physical and psychological bases as those raised in this application. Her claim was approved with a disability onset date of May 6, 2006.

## II.

A remand on the basis of new evidence is warranted if: (1) the evidence is relevant to the determination of disability at the time the application(s) was first filed; (2) the evidence is material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been before her; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has made at least a general showing of the nature of the new evidence to the reviewing court. See Borders v. Heckler, 777 F.2d 954, 955 (4th Cir. 1985), superceded by statute, 42 U.S.C. § 405(g). Graham has made a general showing of the new evidence and there is clearly cause to excuse the failure to produce the new evidence at the time of the Commissioner's decision, as her subsequent

3

application and consultative exams produced during those proceedings were not generated until after the instant decision was rendered. Accordingly, the only issue before the court is whether the new evidence would have reasonably changed the outcome of the disability determination. Wilkins v. Sec'y Dep't of Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

"Where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence." Hayes v. Astrue, ___ F.Supp.2d ___, 2007 WL 1666737, at *4 (W.D. Va. 2007). Such evidence is not presumptive of disability as the application may involve the subsequent onset of further physical or psychological problems and/or a different age classification. Reichard v. Barnhart, 285 F.Supp.2d 728, 736 n. 9 (S.D. W.V. 2003). However, when "disability is found upon subsequent applications on substantially the same evidentiary background as was considered with respect to prior applications without such occurrences, especially when, as in this case, the claimant is found in the first case to be teetering on the edge of disability with only the capacity to perform light work with additional nonexertional limitations, has a limited education and suffers from significant pain, the disability onset date might reasonably be sometime prior to the ALJ's decision respecting the prior applications in view of a subsequent finding of disability." Id.

Graham has asserted, and the Commissioner does not contest, that a subsequent application for disability was filed on substantially the same basis as the instant application, namely degenerative joint and disc disease changes, pain, and psychological impairments. But, the court does not have all of those records and, thus, cannot determine if the evidence adduced in the second application consisted of substantially similar evidence or if there were substantial

4

changes in Graham's physical and/or mental condition subsequent to the first denial.[2] Nonetheless, it is clear that while the instant denial of benefits was under review, Graham filed a subsequent application for benefits which was granted, and this case falls squarely within the parameters defined in Reichart, in which a subsequent disability determination would be material. Here, the ALJ specifically noted Graham's ability to do light work was limited by both exertional and non-exertional limitations, she suffers from medically determinable ailments likely to produce pain, and she has a limited education. Although it is conceivable that a precise date of disability onset based on the conditions noted above can be determined, the court finds that there is a possible inconsistency between the denial of disability benefits and the subsequent grant of benefits based on the same alleged physical and mental limitations less than one year apart. See Reichart, 285 F.Supp.2d at 734-36; see also Hayes, 2007 WL 1666737, at *4

Furthermore, consultative psychological testing done in conjunction with Graham's second application for benefits demonstrated that Graham has an overall extremely low level of functioning. Her full scale IQ score, based on her aggregate score under the Wechsler Adult Intelligence Scale Third Edition (WAIS-III), was 61. Under Listing 12.05 a claimant with a full scale IQ score of 60-69 is disabled if the claimant has "a physical or other mental impairment imposing additional or significant work-related limitations of function" or if the claimant has marked limitations in two of the following four areas: activities of daily living; maintaining social function; maintaining concentration, pace, or persistence; and/or repeated episodes of

---

[2]In support of her request to remand on the basis of new evidence, Graham produced only Dr. Mark Perez-Lopez's consultative psychological exam report generated during the proceedings on her second application for benefits.

5

degeneration.[3] As noted above, the ALJ determined that Graham's ability to work was substantially limited by both her exertional and non-exertional limitations, and he specifically noted that she has significant functional limitations due to her inability to concentrate and interact with others. Further, as the Fourth Circuit has held that a claimant's IQ remains relatively constant over her lifetime, absent any evidence of change in intellectual functioning, the court finds this evidence as to Graham's IQ is certainly material and would likely have affected the ALJ's disability determination. See Luckey v. U.S. Dep't of Health & Human Servs., 890 F.2d 666, 668 (4th Cir. 1989) (citing Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985)).

### III.

For the reasons noted above, the court finds this case must be remanded to the Commissioner for consideration of new evidence pursuant to sentence six of 42 U.S.C. § 405(g).

The Clerk of the Court hereby is directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

**ENTER:** This 6th day of July, 2007.

Michael F. Urbanski
United States Magistrate Judge

---

[3] http://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12.05%20Mental%20Retardation

6